## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDY WENTZELL, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br><br><br>SELIP & STYLIANOU, LLP; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: 2:21-cv-20187-JXN-JSA<br><br><br><br>CIVIL ACTION<br><br>FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff, SANDY WENTZELL, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney(s), alleges against the above-named Defendants, SELIP & STYLIANOU, LLP ("SELIP & STYLIANOU"); JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for statutory damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Cumberland County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. SELIP & STYLIANOU maintains a location at 10 Forest Avenue, Suite 300, Paramus, New Jersey 07652.

8. SELIP & STYLIANOU uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. SELIP & STYLIANOU is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of

transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who SELIP & STYLIANOU collected or attempted to collect a debt from, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from Defendant attempting to collect a judgment on behalf of DISCOVER BANK (*See* **Exhibit A)**, which included the alleged conduct and practices described herein.

    The class definitions may be subsequently modified or refined.

    The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendants violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to January 27, 2021, Plaintiff allegedly incurred a financial obligation to DISCOVER BANK ("DISCOVER BANK").

16. The DISCOVER BANK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Plaintiff incurred the DISCOVER BANK obligation by obtaining goods and services which were primarily for personal, family and household purposes.

18. Plaintiff did not incur the DISCOVER BANK obligation for business purposes.

19. The DISCOVER BANK obligation was used to obtain services and goods which were primarily for personal, family and household purposes.

20. The DISCOVER BANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

21. DISCOVER BANK is a "creditor" as defined by 15 U.S.C. § 1692a(4).

22. On or before January 27, 2021, DISCOVER BANK or an intermediary referred the DISCOVER BANK obligation to SELIP & STYLIANOU for the purpose of collections.

23. At the time DISCOVER BANK referred the DISCOVER BANK obligation to SELIP & STYLIANOU, the obligation was past due.

24. At the time DISCOVER BANK referred the DISCOVER BANK obligation to SELIP & STYLIANOU, the obligation was in default.

25. DISCOVER implemented directives and/or work standards for law firms handling the collection of accounts in New Jersey like Plaintiff's.

26. Defendant was governed by directives and/or work standards implemented by DISCOVER and agreed to abide by those directives and/or work standards when attempting to collect the DISCOVER obligation from Plaintiff.

27. SELIP & STYLIANOU caused to be delivered to Plaintiff a letter dated January 27, 2021, which was addressed to Plaintiff. **Exhibit A,** which is fully incorporated herein by reference.

28. The January 27, 2021 letter was sent to Plaintiff in connection with the post-judgment collection of the DISCOVER BANK obligation.

29. The January 27, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

30. Upon receipt, Plaintiff read the January 27, 2021 letter.

31. The January 27, 2021 letter provided the following information regarding the balance claimed due on the DISCOVER BANK obligation:

Total Balance Due:   $2,211.89

32. The January 27, 2021 letter stated in part:

> Of the total balance due, $2,202.40 is the remaining judgment balance and $9.49 is post-judgment interest. Interest is accruing on $2,145.40 at the rate of 1.5% per year, so the amount owed after today will increase by $0.09 per day.

33. At all times relevant to this matter, DISCOVER BANK had a policy and/or procedure that prohibited Defendant from assessing post-judgment interest on the judgment obtained against Plaintiff. In fact, DISCOVER advised Defendant and other law firms doing collection work in New Jersey that it had waived post-judgment interest on accounts like Plaintiff's. See Exhibit B.

34. Thus, DISCOVER was not entitled to any post judgment interest on the DISCOVER obligation Defendant was attempting to collect.

35. Even if DISCOVER BANK had allowed Defendant to assess interest on the DISCOVER BANK judgment, Defendant's representations regarding post-judgment interest are deceptive and cause confusion.

36. Defendant misrepresented and/or falsely implied to Plaintiff that the judgment was subject to post-judgment interest at the rate of 1.5% per year at all times.

37. In New Jersey, the post-judgment interest rate that can be assessed by a creditor is subject to change at least annually. See R. 4:42-11(a)(ii).

38. For calendar year 2020, the applicable post-judgment interest rate was 2.5%, not 1.5%.

39. Defendant's representation or implication that the balance would always increase (without any qualification) by $0.09 per day is deceptive and a misrepresentation.

40. It is also deceptive and a misrepresentation because the creditor, DISCOVER, waived any post-judgment interest on the DISCOVER obligation.

41. Post-judgment interest is calculated on a judgment balance. If Plaintiff makes a payment or if Defendant is partially successful in obtaining payment through a writ of execution, then the amount assessed as a daily amount of interest would not be $0.09 per day – it would be less.

42. The post-judgment interest rate is not static as was presented to Plaintiff. It is subject to change and can be increased above 1.5% per year pursuant to R. 4:42-11(a)(ii), which means that the amount per day would also increase.

43. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

## POLICIES AND PRACTICES COMPLAINED OF

44. It is SELIP & STYLIANOU's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b) Using unfair or unconscionable means to collect or attempt to collect any debt;

(c) Making a false representation of the character, amount or legal status of the debt; and

(d) Threatening to take an action that cannot legally be taken or that is not intended to be taken.

45. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A** to at least 50 natural persons in New Jersey within one year of this Complaint.

## COUNT I

## DECLARATORY JUDGMENT ACT

46. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

47. As discussed herein, the Court has jurisdiction to declare the rights of Plaintiff and others similarly situated relative to the Defendant.

48. Plaintiff is a person interested under a written contract or other writing constituting a contract or whose rights, status or other legal relations are affected by a statute, contract, who may have determined any question of construction or validity arising under the instrument, statute, contract and obtain a declaration of rights, status or other legal relations thereunder.

49. Plaintiff and others similarly situated are entitled to Declaratory Judgment that Defendant violated the Plaintiff's rights and the FDCPA as alleged herein.

## COUNT II

## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

50. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

51. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

52. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

53. As described herein, Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

54. Defendants' false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

55. As described herein, Defendant engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5) and 1692e(10).

56. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

57. As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character and amount of the debt.

58. Section 1692e(5) prohibits any threat to take an action that cannot legally be taken or that is not intended to be taken.

59. As described herein, Defendants violated 15 U.S.C. § 1692e(5).

60. As described herein, Defendants violated 15 U.S.C. § 1692e(5) by misrepresenting that DISCOVER BANK allowed for post-judgment interest to accrue on the debt.

61. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

62. As described herein, Defendants violated 15 U.S.C. § 1692e(10).

63. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

64. As described herein, Defendant engaged in unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

65. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

66. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

67. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

68. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

69. Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

70. Plaintiff and others similarly situated have suffered harm redressable under the FDCPA as a direct result of the abusive, deceptive and unfair collection practices described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

    (c)    Awarding attorneys' fees and costs;

    (d)    Awarding post-judgment interest.

    (e)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Joseph K. Jones, Esq., is designated as trial counsel for Plaintiff.

## RULE 4:5-1 CERTIFICATION

Pursuant to R. 4:5-1, I hereby certify to the best of my knowledge, information, and belief at this time, that the matter in controversy is not the subject matter of any other action pending in any other court, and that no parties other than those listed herein should be joined in this matter.

Dated: January 31, 2022

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
*Attorneys for Plaintiff(s)*

# EXHIBIT

# A

| Mitchell Selip, P.C. ▾ ◊ | **SELIP & STYLIANOU, LLP** | Alicia S. Bursky-Stillman ▾ |
| Harry Stylianou, P.C. ▾ ◊ ◊ | Attorneys at Law | Carol Van Houten ▾ |
| David A. Cohen, P.C. ▾ | **10 Forest Avenue, Suite 300** | Amelia Kunis ◊ |
| Mitchell G. Slamowitz, P.C. ▾ | **Paramus, NJ 07652** | Laura D. Yacht ▾ |
| | Phone (866) 712-8982  Fax (201) 368-1435 | Sally Anne Abel ▾ |
| NY Office | TTY/TRS: (516) 422-8500 | Efstathios Georgiou ▾ |
| 199 Crossways Park Drive | Service not accepted by fax or email | Margaret Leszkiewicz ▾ |
| Woodbury, NY 11797 | January 27, 2021 | Andrew Tealer ◊ |
| | | Joseph Ranaldo ▾ |
| | | Daniel H. Adler ▾ ◊ |
| | | Joshua Sherer ▾ |
| | | Arslan Akhtar ▾ |
| | | Rolando C. Delacruz ▾ |

SANDY L WENTZELL

▾ Admitted NY   ◊ Admitted NJ
◊ Admitted PA

| Creditor: Discover Bank | Account No Ending in: 6497 |
| S&S #: | Judgment No.: VJ-002104-20 |
| Docket Number: DC-002586-20 | |
| Total Balance Due: $2,211.89 | |
| Of the total balance due, $2,202.40 is the remaining judgment balance and $9.49 is post-judgment interest. Interest is accruing on $2,145.40 at the rate of 1.5% per year, so the amount owed after today will increase by $0.09 per day. | |

Dear Sandy L Wentzell:

    Enclosed please find a Notice of Application for Wage Execution.

    If you would like to discuss this matter, please contact us at **(800) 293-6006 ext. 8950**. Please refer to our S&S file number (  ) on all communications with this office.

                                             Sincerely,

                                             /s/Andrew Tealer

                                             By: Andrew Tealer

**This communication is from a debt collector.**



# EXHIBIT B

```
SHELDON H. PRESSLER(1955-2017)                PRESSLER, FELT & WARSHAW, L.L.P.    DONALD V. VALENZANO JR.(NJ,NY)   STEVEN P. BANN (NJ,NY)
                                                    ATTORNEYS AT LAW              PATRICK WONG (NJ,NY)             SEAN P. STEVENS (PA)
GERARD J. FELT (NJ)                                    7 Entin Rd.                JESSE R. BARREIRO (NJ,IL)        RYAN R. TAPPAN (NY)
DAVID B. WARSHAW (NJ,NY,MA)                       Parsippany, NJ 07054-5020       HOWARD SCHACHTER (NJ,NY)         CHRISTOPHER J. HORGAN (NJ,PA)
                                                   Office: 1-973-753-5100         MATTHEW J. MARTELLO(NJ,PA)       MATTHEW FALLINGS (PA)
MICHAEL J. PETERS (NJ,NY)                         Toll Free: 1-888-312-8600       THEOLOGIA PAPADELIAS (NJ)        CHRISTOPHER B. CARFAGNO (PA)
CHRISTOPHER P. ODOGBILI (NJ)                       Fax: 1-973-753-5353            GERARDINO DI POPOLO (NJ)         LLOYD GARNER (NJ)
DARREN H. TANAKA (NJ,NY)                          Website:pfwattorneys.com                                         ----------------------------
FRANCIS X. GRIMES (NJ,PA)                  NY Office                PA Office           OFFICE HOURS:
CRAIG S. STILLER (NJ,NY,PA)               305 Broadway           400 Horsham Rd.        Monday-Friday: 8am-6pm
IAN Z. WINOGRAD(NJ,NY,PA,DC)               Suite 802                Suite 110           DCWP License Number: 2069242-DCA
                                        New York, NY 10007       Horsham, PA 19044      Reply to [X] NJ Office [ ] NY Office [ ] PA Office
```

01/11/2022

███████████████████████
███████████████████████

DISCOVER BANK VS. ███████
Superior Court of New Jersey: Law Division
PASSAIC Special Civil Part
Docket No.: ████████████
PFW File Number: ████████
Account Number: ████████
Creditor: DISCOVER BANK

Dear ████████████

Enclosed please find:

    Information Subpoena and Written Questionnaire.

Please note, although New Jersey Court Rules allow the accrual of post-judgment interest on the judgment entered in this matter, our client has decided not to accrue interest on this judgment.

Very truly yours,

PRESSLER, FELT & WARSHAW, LLP

*Gerard Felt* (signature)

Gerard J. Felt

Enclosure

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

```
PRESSLER, FELT & WARSHAW, LLP                PFW File Number  ███████
Attorneys At Law
7 Entin Rd.
Parsippany, NJ 07054-5020
1-973-753-5100  Ext 5100
```

IMPORTANT NOTICE - PLEASE READ CAREFULLY

<u>INFORMATION SUBPOENA AND WRITTEN QUESTIONS</u>

FAILURE TO COMPLY WITH THIS INFORMATION SUBPOENA
MAY RESULT IN YOUR ARREST AND INCARCERATION

DISCOVER BANK

                 Plaintiff(s)

-vs-

█████████

                 Defendant(s)

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
PASSAIC  Special Civil Part
DOCKET NO. ███████

<u>Civil Action</u>

INFORMATION SUBPOENA

THE STATE OF NEW JERSEY, to: ████████████

JUDGMENT has been entered against you in the Superior Court of New Jersey, Law Division, PASSAIC Special Civil Part, on April 6, 2015, in the amount of $4,741.03 plus costs, of which $4,552.97 together with interest from April 6, 2015, remains due and unpaid.

Attached to this Information Subpoena is a list of questions that court rules require you to answer within 14 days from the date you receive this subpoena. If you do not answer the attached questions within the time required, the opposing party may ask the court to conduct a hearing in order to determine if you should be held in contempt. You will be compelled to appear at the hearing and explain your reasons for your failure to answer.

If this judgment has resulted from a default, you may have the right to have this default judgment vacated by making an appropriate motion to the court. Contact an attorney or the clerk of the court for information on making such a motion. Even if you dispute the judgment you must answer all of the attached questions.

You must answer each question giving complete answers, attaching additional pages if necessary. False or misleading answers may subject you to punishment by the court. However, you need not provide information concerning the income and assets of others living in your household unless you have a financial interest in the assets or income. Be sure to sign and date your answers and return them to the address in the upper left hand corner within 14 days.

```
Dated: 01/11/2022
  /s/Gerard J. Felt                        /s/MICHELLE M. SMITH
      Gerard J. Felt                           MICHELLE M. SMITH
   Attorney for Plaintiff                          Clerk
```

Information Subpoena and Written Questions
## Questions for Individuals

Court Docket # ████████████   PFW File # ████████   Dated 01/06/22

1. Full Name _____
2. Address _____
3. Birthdate ____/____/_____
4. Social Security #_____-____-____
5. Driver's License #_____ Exp Date _____
6. Telephone Number (    )_____
7. Full name & address of your employer _____
   _____
   (a) Your weekly salary: Gross _____ Net _____
   (b) If not presently employed, name & address of last employer _____
   _____
8. Is there currently a wage execution on your salary?
   Yes _____  No _____
9. List the names, addresses and account numbers of all bank accounts on which your name appears.
   Bank              Address                                    Acct #

10. If you receive money from any of the following sources, list the amount, how often, and the name and address of the source:
    Type              Amount & Frequency         Name & Address of Source
    Alimony
    Loan Payments
    Rental Income
    Pension
    Bank Interest
    Stock Dividends
    Other
11. Do you receive any of the following, which are exempt from levy? Any levy on disclosed exempt funds may result in monetary penalties including reimbursement of the debtor's out-of-pocket expenses.
    Social Security Benefits          Yes____ Amount per Month_____ No____
    SSI Benefits                      Yes____ Amount per Month_____ No____
    Welfare Benefits                  Yes____ Amount per Month_____ No____
    VA Benefits                       Yes____ Amount per Month_____ No____
    Unemployment Benefits             Yes____ Amount per Month_____ No____
    Workers' Compensation Benefits    Yes____ Amount per Month_____ No____
    Child Support Benefits            Yes____ Amount per Month_____ No____
    Attach copies of the three most recent bank statements for each account listed in question 9 that contain funds from these sources.
12. Do you own the property where you reside?
    Yes____ No____ If yes, state the following:
    (a) Name of the owner or owners_____
    (b) Date property was purchased_____ (c) Purchase price_____
    (d) Name and address of mortgage holder _____
    _____
    (e) Balance due on mortgage_____
13. Do you own any other real estate? If yes, state the following:
    (a) Address of property_____
    (b) Date property was purchased_____ (c) Purchase price_____
    (d) Name and address of all owners_____
    _____

(e) Name and address of mortgage holders_____
_____
(f) Balance due on mortgage _____
(g) Name and address of all tenants and monthly rental paid by each tenant_____
_____

14. Does the present value of your personal property, which includes automobiles, furniture, appliances, stocks, bonds, and cash on hand exceed $1,000?
Yes____ No____  If the answer is "yes," you must itemize all personal property owned by you.
Cash on Hand: $_____
Other personal property:  If financed, give name and address of party to whom payments are made.

| Item (Include make Model & serial number) | Date Purchased | Purchase Price | If Financed, Balance Still Due | Present Value |
|---|---|---|---|---|
| | | | | |

15. Do you own a motor vehicle?
Yes____ No____  If yes, state the following for each vehicle owned:
    (a) Make, model and year of motor vehicle _____ If yes, state the following for each vehicle owned._____
    (b) If there is a lien on the vehicle, state the name and address of the lienholder and the amount due on lien_____
    _____
    (c) License Plate # _____
    (d) Vehicle identification #_____

16. Do you own a business?
Yes____ No____  If yes, state the following:
    (a) Name and address of the business_____
    _____
    (b) Is the business a corporation____ Sole Proprietorship____ Partnership____ or Limited Liability Company____?
    (c) The name and address of all stockholders, officers, partners or members
    _____
    _____
    (d) The amount of income received by you from the business during the last 12 months
    _____

17. Set forth all other judgments that you are aware of that have been entered against you and include:

| Creditor's Name | Creditor's Attorney | Amount Due | Name of Court | Docket # |
|---|---|---|---|---|
| | | | | |

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date:_____      _____
                                                                              Signature