UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDY WENTZELL *on behalf of herself and all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> SELIP & STYLIANOU, LLP, *et al.*, <br><br> Defendants. | Civil Action No. 21- 20187 (JXN)(JSA) <br><br> **MEMORANDUM OPINION** |

**NEALS**, District Judge

This matter was raised by the Court, *sua sponte*, by Order entered on June 30, 2023, directing the parties to submit supplemental briefing analyzing whether Plaintiff has established Article III standing. (ECF No. 14.) The parties submitted supplemental briefing. (ECF Nos. 17, 18, 20.) The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated herein, the Court finds that Plaintiff lacks Article III standing, and therefore, this Court does not have subject matter jurisdiction to hear this dispute. As such, this matter is remanded to the Superior Court of New Jersey, Law Division, Essex County.

I.   BACKGROUND[1]

This putative class action arises out of Selip's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* At some time prior to January of 2021, Plaintiff incurred a financial obligation to Discover Bank ("Discover") for personal

---

[1] When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

expenses (the "Discover Obligation"). (Amended Complaint ("Am. Compl.") ¶ 15, ECF No. 6.) Plaintiff defaulted on the debt, and Discover referred it to Selip to recover the balance owed on Plaintiff's Discover Obligation. (Am. Compl. ¶ 24.)[2] Thereafter, Selip sent Plaintiff a debt collection letter dated January 27, 2021, in connection with the post-judgment collection of Plaintiff's Discover Obligation (the "Collection Letter"), a copy of which is attached to Plaintiff's Amended Complaint as Exhibit A. (*See* Am. Compl. ¶ 28; *id*., Ex. A.) The Collection Letter provided that the total balance claimed due on the Discover Obligation was $2,211.89. (*See* Am. Compl., Ex. A.) Further, the Collection Letter also stated as follows:

> Of the total balance due, $2,202.40 is the remaining judgment balance, and $9.49 is post-judgment interest. Interest is accruing on $2,145.40 at the rate of 1.5% per year, so the amount owed after today will increase by $0.09 per day.

(*Id*.)

On October 25, 2021, Plaintiff filed this putative class action, on behalf of herself and those similarly situated, against Selip in the Superior Court of New Jersey, Law Division, Essex County ("State Court") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. (*See generally* Complaint ("Compl."), ECF No. 1-1.) On November 24, 2021, Selip removed the Complaint to this Court based on the FDCPA[3] claim and supplemental jurisdiction as to her state-law claim. (*See* Notice of Removal, ECF No. 1 at 3.) On January 17, 2022, Selip filed a motion to dismiss the Complaint, which it later withdrew as a result of Plaintiff filing an Amended Complaint on January 31, 2022. (*See* ECF Nos. 5, 6, 7.)

In her Amended Complaint, Plaintiff seeks declaratory judgment under the Declaratory Judgment Act that Selip violated Plaintiff's rights and the FDCPA ("Count One"). (Am. Compl.

---

[2] Selip collects debt on behalf of creditors. (*See* Am. Compl. ¶ 8.)

[3] The Court notes that in their Notice of Removal, Selip did not address whether there was any constitutional basis for this Court's exercise of jurisdiction over Plaintiff's claims as a matter of Article III standing.

¶¶ 46-49.) The Amended Complaint further claims that Selip violated several provisions of the FDCPA, including 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f[4] by misrepresenting in the Collection letter that Discover allowed for post-judgment interest to accrue on the debt and failed to advise Plaintiff of the correct post-judgment interest rate that can be assessed on the judgment. (Count II). (Am. Compl. ¶¶ 39, 50-70.)

On May 21, 2022, Selip moved to dismiss Plaintiff's Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and as partially barred by the *Rooker-Feldman* Doctrine. (*See* ECF No. 9.) Plaintiff opposed Selip's motion (ECF No. 10), and Selip replied in further support (ECF No. 11). On June 30, 2023, the Court denied Selip's motion without prejudice pending the submission of supplemental briefing addressing Plaintiff's Article III standing. (ECF No. 14.) The parties submitted supplemental briefing. (*See* ECF Nos. 17, 18, 20.) As such, the Article III standing issue is now fully briefed before the Court.

## II. LEGAL STANDARD

Before addressing the merits of a dispute, a court must determine whether it has subject matter jurisdiction over the case before it. *See Hollingsworth v. Perry*, 570 U.S. 693, 704–05 (2013). "The jurisdictional issue of standing can be raised at any time," either by the court or the parties. *Blunt v. Lower Merion School Dist.*, 767 F.3d 247, 280 (3d Cir. 2014) (*quoting United States v. Viltrakis*, 108 F.3d 1159, 1160 (9th Cir. 1997)); *see also Crisafulli v. Ameritas Life Ins. Co.*, No. 13-5937, 2015 WL 1969176, at *1 n.2 (D.N.J. Apr. 30, 2015) (noting that "because standing is a constitutional prerequisite for federal court jurisdiction, the issue of standing may be raised by the court" *sua sponte.*) Article III of the United States Constitution "confines the

---

[4] Section 1692e prohibits the use of false representation of the amount of any debt, the "threat to take any action that cannot legally be taken," or the "use of any false representation or deceptive means to collect" the debt. 15 U.S.C. § 1692e(2), (5), (10). Section 1692f prohibits a debt collector from using unfair or unconscionable means to collect any debt. 15 U.S.C. § 1692f.

3

federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). "[A] case or controversy can exist only if a plaintiff has standing to sue." *Associated Builders & Contractors W. Pa. v. Cmty. Coll. of Allegheny Cnty.*, 81 F.4th 279, 286-87 (3d Cir. 2023) (quoting *United States v. Texas*, 143 S. Ct. 1964 (2023)).

To establish Article III standing, a plaintiff must allege they suffered "(1) a concrete, particularized, and actual or imminent injury, (2) that was likely caused by the defendant, and (3) would likely be redressable by a favorable judicial decision." *Morales v. Commonwealth Fin. Sys., Inc.*, No. 22-3388, 2023 WL 8111458, at *2 (3d Cir. 2023) (citing *TransUnion*, 141 S. Ct. 2203). "If 'the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve.'" *Id.* (quoting *Casillas v. Madison Avenue Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019)). A plaintiff's injury must be concrete, meaning "real, and not abstract." *Spokeo, Inc. v. Robins*, 578 U. S. 330, 340 (2016). Mere violation of a federal statute does not necessarily constitute a concrete injury. *TransUnion*, 141 S. Ct. at 2205-07; *see also Spokeo*, 578 U.S. at 340-42 (explaining that although Congress may identify legally cognizable harms sufficient to confer standing, some federal statutory violations still may be insufficiently concrete). Violations of statutory rights may give rise to standing when they engender either "traditional tangible harms, such as physical harms and monetary harms" or "intangible harms" that have a "close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *TransUnion*, 141 S. Ct. at 2204. To establish an intangible, concrete injury, courts look to whether the alleged injury resembles "a close historical or common-law analogue." *TransUnion LLC*, 141 S. Ct. 2209.

### III. DISCUSSION

At any time during the pendency of a lawsuit, courts have an independent obligation to determine whether subject matter jurisdiction exists. *See Ballentine v. United States*, 486 F. 3d 806, 810 (3d Cir. 2007). In their supplemental briefing, the parties concede that the Amended Complaint does not allege that Plaintiff has suffered a concrete, particularized, and actual or imminent injury so as to provide her with Article III standing to pursue her claims in federal court. (*See* ECF Nos. 17, 18, 20.) The Court agrees.

In Count I of the Amended Complaint, Plaintiff seeks declaratory judgment under the Declaratory Judgment Act that Selip violated her rights and the FDCPA, which is premised on the FDCPA allegations outlined in Count II and does not identify any individual harm or injury to Plaintiff. (*See* Am. Compl. ¶¶ 46-49.) Count II of the Amended Complaint alleges violations of the FDCPA. These allegations arise from two underlying claims that (1) Selip's Collection Letter misrepresented that Discover allowed for post-judgment interest to accrue on the debt (*see* Am. Compl. ¶¶ 33-34, 60); and (2) that Selip's "representations regarding post-judgment interest are deceptive and cause confusion" because Selip "misrepresented and/or falsely implied to Plaintiff that the judgment was subject to post-judgment interest at the rate of 1.5% per year at all times." (Am. Compl. ¶¶ 35-36). Further, the Amended Complaint asserts that "Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt." (Am. Compl. ¶ 69.) These allegations are insufficient to establish standing.

"In the context of FDCPA violations, district courts in the Third Circuit post-*TransUnion* have found that "a debt collection letter containing false and misleading information causes an injury ... related to common-law fraud." *Fitterer v. Resurgent Cap. Servs. L.P.*, No.

CV2119068RKJBD, 2024 WL 1810027, at *4 (D.N.J. Apr. 25, 2024) (citing *Lahu v. I.C. Sys., Inc.*, No. 20-6732, 2022 WL 6743177, at *8 (D.N.J. Oct. 11, 2022), *Madlinger v. Enhanced Recovery Co., LLC*, No. 21-154, 2022 WL 2442430, at *5 (D.N.J. July 5, 2022); *Vaughan v. Fein, Such, Kahn & Shepard, P.C.,* No. 21-16013, 2022 WL 2289560, at *5 (D.N.J. Jun. 24, 2022)). Because the statutory cause of action is linked to common law fraud, to adequately plead an injury for purposes of Article III standing, "a plaintiff must allege some form of detrimental reliance on the representations made by a defendant in a collection letter." *Rohl v. Prof. Fin. Co., Inc.*, No. 21-17507, 2022 WL 1748244 at *4 (D.N.J. May 31, 2022). Here, Plaintiff fails to allege that she relied on Selip's representations, such that her injury-in-law is transformed into an injury-in-fact. Indeed, there is no allegation that Plaintiff sustained any financial or emotional harm because of the Collection Letter. Nor does the Amended Complaint set forth any "downstream consequences" flowing from Plaintiff's receipt of the allegedly false, deceptive, or misleading collection letter. *TransUnion*, 141 S. Ct. at 2214. Absent allegations of any concrete harm, Plaintiff is asserting merely statutory violations, which the Supreme Court has made clear are insufficient to confer standing. *See TransUnion*, 141 S. Ct. at 2205 ("Congress's creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III"). Thus, Plaintiff lacks Article III standing, and this Court lacks subject matter jurisdiction over this action.

     As Plaintiff does not have Article III standing to bring this case, the Court remands this action to state court. 28 U.S.C. § 1447(c); *see also Katz v. Six Flags Great Adventure, LLC*, No. 18-116, 2018 WL 3831337, at *9 (D.N.J. Aug. 13, 2018) ("[C]ourts ... have consistently found that, where a defendant removes a case from state court based on a federal question, but Article

III standing is lacking, the proper recourse is to remand the case, rather than to dismiss the action."); *Bromwell v. Mich. Mut. Ins. Co.*, 115 F.3d 208, 214 (3d Cir. 1997) ("[W]hen a federal court has no jurisdiction of a case removed from a state court, it must remand and not dismiss on the ground of futility."). The Court will therefore remand this action to the State Court.

## IV.   CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff does not have Article III standing to pursue this putative class action in federal court; therefore, this Court lacks subject matter jurisdiction to hear this dispute. Accordingly, this action is **REMANDED** to the State Court. An accompanying Order follows.

**DATED**: May 16, 2025

HONORABLE JULIEN XAVIER NEALS
United States District Judge